UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTIAN ROBERT KOMOR,<br><br>Plaintiff(s),<br>v.<br><br>AMAZON.COM INC.,<br><br>Defendant(s). | CASE NO. C26-4549-KKE<br><br>ORDER TO SHOW CAUSE WHY PLAINTIFF'S *IFP* APPLICATION SHOULD NOT BE DENIED |

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a)(1). Section 1915(a)(1) provides that:

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

The court has discretion to determine whether an applicant has insufficient assets. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993). "An

affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

In this case, Plaintiff has not paid the $405.00 filing fee required to maintain a civil action in this District and has instead moved to proceed IFP. Dkt. No. 1. Plaintiff's IFP application indicates that in the past year, he has received $6,000.00 in gifts or inheritances, and that he and his spouse have received $31,562.40 in net Social Security benefits. *Id.* at 1. He also states that he has a $12,500.00 balance in his bank account. *Id.* at 2. These attestations made under the penalty of perjury indicate that Plaintiff has sufficient funds to assist in paying the $405.00 filing fee.

Accordingly, because Plaintiff's IFP application does not sufficiently demonstrate that he lacks the financial resources to pay the filing fee, the Court ORDERS Plaintiff to SHOW CAUSE, no later than December 30, 2026, why his IFP application should not be denied. In the alternative, Plaintiff may pay the applicable filing fee[1] before that date. Plaintiff is advised that a failure to show cause or to pay the requisite filing fee by the date set forth above shall be deemed a failure to properly prosecute this matter and the Court will close the file. The Clerk is directed to re-note Plaintiff's IFP application (Dkt. No. 1) for consideration on December 30, 2025.

Dated this 25th day of November, 2026.

Kymberly K. Evanson
United States District Judge

[1] As of December 1, 2026, the civil filing fee in this district increases to $411.